**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIGIDO RODRIGUEZ-MIRALRIO,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Regional Detention Center, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02331-RBM-BJW<br><br>**ORDER REFERRING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FOR EVALUATION REGARDING APPOINTMENT OF COUNSEL** |

On April 13, 2026, Petitioner Brigido Rodriguez-Miralrio ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) Petitioner claims his detention for more than 180 days violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 1; *see* Doc. 1-2 at 1–2.)

As a preliminary matter, the Petition was filed by Petitioner's daughter, Denia Rodriguez Maldonado, as his "next friend."  (Doc. 1-3 at 1.)  "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3

(1955)).  "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.  A person seeking next friend status "must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)).

In this case, Ms. Rodriguez Maldonado asserts that Petitioner "is unable to personally prepare, file, or submit this Petition due to his ongoing detention" and lacks "practical access to the courts."  (Doc. 1-3 at 1.)  As his daughter, Ms. Rodriguez Maldonado has a significant relationship with Petitioner and states she is "acting solely in [Petitioner's] best interests." (*Id*.)  The Court therefore finds that next friend standing has been sufficiently established.

However, "although 'next friend' status permits Petitioner's [daughter] to file the instant petition on [his] behalf, 'the statute does not authorize the next friend to proceed without an attorney.'" *Florez Perez v. Bondi*, Case No.: 25-cv-3820-AGS-MSB, 2026 WL 59785, at *1 (S.D. Cal. Jan. 7, 2026) (quoting *Morrison v. Tuolumne Cnty. Sheriff*, Case No. 1:25-CV-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025)). Accordingly, unless Ms. Rodriguez Maldonado retains counsel, she may not file anything else in this case.  All future filings and argument must be made by counsel or by Petitioner in his *pro se* capacity.

Before proceeding, the Court hereby **REFERS** this Petition to Federal Defenders of San Diego, Inc. for an evaluation of whether Petitioner is eligible for appointment of counsel.  The Court requests that Federal Defenders make its evaluation and file a status report addressing whether appointment of counsel is appropriate and/or notifying the Court of plans to file an amended petition **on or before April 30, 2026**.  At that time, the Court will further screen the Petition or set a briefing schedule.

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition

3:26-cv-02331-RBM-BJW

(Doc. 1) and this Order to Federal Defenders of San Diego, Inc. and the United States Attorney's Office.

**IT IS SO ORDERED**.

DATE:  April 16, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-02331-RBM-BJW